UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ARLENE VILLAMIA DRIMAL | : | CIVIL ACTION NO.: 3:12CV717 |
| | : | |
| VS. | : | |
| | : | |
| DAVID MAKOL, JAN TRIGG, | : | |
| PAULINE TAI, FRANK LOMONACO, | : | |
| DAVID J. FORD, EDMUND ROM, | : | |
| KEVIN RIORDAN, ADRIAN BUSBY, | : | |
| BRIAN HARKINS, JOANN MAGUIRE, | : | |
| MARIA A. FONT, MARTHA M. | : | |
| BERDOTE, THOMAS J. D'AMICO, | : | |
| MARK MUNSTER, CHRISTOPHER | : | |
| DeGRAFF, and S. MENDOZA- | : | |
| PENAHERRERA | : | MAY 14, 2012 |

# **C O M P L A I N T**

1.  This is an action to redress the deprivation of rights secured to the

plaintiff by the Constitution and laws of the United States and the State of

Connecticut.

2.  Jurisdiction of this court is invoked under the provisions of Sections

1331, 1332, 1343(3) and 1367(a) of Title 28 and Section 2520 of Title 18 of the

United States Code.  The amount at issue, exclusive of interest and costs, is

greater than $75,000.

3.  The plaintiff is an adult citizen of the United States who resides, and at

1

all times herein mentioned resided, in Weston, Connecticut.  She is married, and at all times herein mentioned was married, to Craig Drimal, and at all times herein mentioned resided with him in the family home in Weston.

4.  During all times mentioned in this action, the defendants all were employees of the Federal Bureau of Investigation working at the Queens, New York, office of that agency.  All the defendants are sued only in their individual capacities.

5.  During all times mentioned in this action, the defendants David Makol and Jan Trigg were the Supervising Agents who directly and personally supervised all of the actions of the other defendants hereinafter described.  They were aware of the unlawful actions of the other defendants and tolerated or encouraged such unlawful actions.  Moreover, during the course of the events hereinafter described, the defendant Makol was explicitly warned by Assistant United States Attorney Andrew Fish that privileged marital communications of the plaintiff were being intercepted and monitored by the defendants under his supervision and that he should take actions to prevent such unlawful conduct.

6.  At all times mentioned in this Complaint, the defendants acted jointly and in concert with each other.  Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant but each defendant failed and refused to perform such duty, thereby proximately causing

the injuries herein complained of.

7.  Between November 16, 2007, and January 15, 2008, the defendants participated in the unlawful interception and monitoring of more than 180 confidential and privileged marital telephonic communications to which the plaintiff was a party.  All of these communications took place over telephones of the plaintiff located in the State of Connecticut.

8.  On March 18, 2011, the United States Attorney for the Southern District of New York admitted in a written submission to the District Court that "several calls between Drimal and his wife were improperly monitored" and that in at least one instance the conduct of one of the defendants in listening to the plaintiff's confidential telephone communications was "indefensible."

9.  On November 20, 2007, the defendant Tai unlawfully intercepted and listened to three separate privileged, confidential marital telephone communications to which the plaintiff was a party.  Thereafter, on December 4, 2007, December 5, 2007, December 14, 2007, January 3, 2008, January 11, 2008, and January 14, 2008, the defendant Tai again repeatedly unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

10.  On November 26, 2007, the defendant Lomonaco unlawfully intercepted and listened to four separate privileged, confidential marital

3

telephone communications to which the plaintiff was a party.  Thereafter, on November 30, 2007, and December 11, 2007, the defendant Lomonaco again unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

11.  In sworn testimony before Honorable Richard J. Sullivan, United States District Judge in the United States District Court for the Southern District of New York, on March 9, 2011, the defendant Lomonaco admitted that he had intentionally listened to confidential and privileged marital communication involving the plaintiff which he had no right to overhear.

12.   On November 27, 2007, the defendant Ford unlawfully intercepted and listened to three separate privileged, confidential marital telephone communications to which the plaintiff was a party.

13.  In sworn testimony before Honorable Richard J. Sullivan, United States District Judge in the United States District Court for the Southern District of New York, on March 9, 2011, the defendant Ford admitted that he remembered "kicking myself" because he knowingly had listened to confidential and privileged marital communication involving the plaintiff which he had no right to overhear.

14.  On November 20, 2007, the defendant Rom unlawfully intercepted and listened to a privileged, confidential marital telephone communication to

4

which the plaintiff was a party.

15.  On November 26, 2007, the defendant Rom unlawfully intercepted and listened to two privileged, confidential marital telephone communications to which the plaintiff was a party.  Thereafter, on December 9, 2007, January 2, 2008, and January 6, 2008, the defendant Rom again unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

16.  On December 20, 2007, the defendant DeGraff unlawfully intercepted and listened to a privileged, confidential marital telephone communication to which the plaintiff was a party.

17.  On November 16, 2007, November 21, 2007, December 12, 2007, December 19, 2007, December 21, 2007, December 29, 2007, January 8, 2008, January 9, 2008, January 10, 2008, and January 15, 2008, the defendant Trigg unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

18.  On November 19, 2007, and January 3, 2008, the defendant Harkins unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

19.  On November 29, 2007, the defendant Maguire unlawfully intercepted and listened to two privileged, confidential marital telephone communications to

5

which the plaintiff was a party.

20.  On November 29, 2007, December 3, 2007, December 10, 2007, December 11, 2007, January 11, 2008, and January 13, 2008, the defendant Riordan unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

21. On November 29, 2007, December 8, 2007, December 13, 2007, January 2, 2008, January 4, 2008, and January 12, 2008, the defendant Font unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

22.  On November 29, 2007, December 5, 2007, December 11, 2007, December 28, 2007, December 29, 2007, and January 12, 2008, the defendant Makol personally unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

23.  On December 7, 2007, December 17, 2007, January 5, 2008, January 6, 2008, and January 15, 2008, the defendant Busby unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

24.  On December 14, 2007, and December 18, 2007, the defendant Berdote unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

6

25.  On December 20, 2007, the defendant D'Amico unlawfully intercepted and listened to a privileged, confidential marital telephone communication to which the plaintiff was a party.

26.  On December 21, 2007, and December 28, 2007, the defendant Munster unlawfully intercepted and listened to privileged, confidential marital telephone communications to which the plaintiff was a party.

27.  On January 14, 2008, the defendant Mendoza-Penaherrera unlawfully intercepted and listened to two privileged, confidential marital telephone communications to which the plaintiff was a party.

28.  Despite a legal obligation to make timely disclosure of the foregoing illegal telephone interceptions to the plaintiff, the defendants fraudulently concealed them from the plaintiff, for the purpose of evading legal responsibility for their wrongful actions, until notice thereof was disclosed to the plaintiff by the United States Attorney for the Southern District of New York on August 6, 2010.

29.  As a proximate consequence of the foregoing unlawful actions of the defendants, the plaintiff has suffered great humiliation, embarrassment and emotional distress.

WHEREFORE, the plaintiff claims judgment against the defendants and each of them, jointly and severally for compensatory damages, punitive damages, attorney fees and costs as provided by Section 2520 of Title 18 of the

United States Code and by Section 52-570d(c) of the Connecticut General
Statutes.

     ***The plaintiff claims trial by jury.***

THE PLAINTIFF

BY:_____/s/_____
     JOHN R. WILLIAMS (ct00215)
     51 Elm Street
     New Haven, CT 06510
     203.562.9931
     Fax:  203.776.9494
     jrw@johnrwilliams.com
     Her Attorney