UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ARLENE VILLAMIA DRIMAL,        :<br>          Plaintiff,                                 :<br>                                                      :<br>v.                                                  :          3:12-cv-00717-WWE<br>                                                      :<br>DAVID MAKOL, JAN TRIGG,           :<br>PAULINE TAI, FRANK LOMONACO,  :<br>DAVID FORD, EDMUND ROM,         :<br>KEVIN RIORDAN, ADRIAN BUSBY,  :<br>BRIAN HARKINS, JOANN MAGUIRE, :<br>MARIA FONT, MARTHA BERDOTE,  :<br>THOMAS D'AMICO, MARK MUNSTER, :<br>CHRISTOPHER DEGRAFF, S. MENDOZA- :<br>PENAHERRERA,                              :<br>          Defendants.                           : | |

## MEMORANDUM OF DECISION ON DEFENDANTS' MOTIONS TO DISMISS

Plaintiff Arlene Villamia Drimal filed this action against defendants, all FBI agents, alleging that her communications were intercepted in violation of Title 18 Section 2520 of the United States Code and Section 52-570d of the Connecticut General Statutes.  All sixteen defendants have filed motions to dismiss [Docs. #19 and 21].  For the following reasons, defendants' motions will be denied.

## BACKGROUND

In deciding a motion to dismiss, the Court accepts all well-pleaded allegations as true and draws all reasonable inferences in favor of the plaintiff.

During all times mentioned in this action, all defendants were employees of the Federal Bureau of Investigation working at the Queens, New York, office.  The agents were investigating plaintiff's husband for conspiracy to commit securities fraud.

In that criminal case, U.S. v. Goffer, 756 F. Supp. 2d 588 (S.D.N.Y. 2011), plaintiff's

husband moved to suppress wiretap evidence obtained by the government during its investigation of him.  The district court denied the motion to suppress, finding that "the government's isolated failures to minimize spousal calls, though inexcusable and disturbing in themselves, [did] not warrant the drastic and extreme sanction of total suppression."  Id. at 598.

Between November 16, 2007, and January 15, 2008, defendants participated in the unlawful interception and monitoring of more than 180 confidential and privileged marital telephonic communications to which plaintiff was a party. All of these communications took place over plaintiff's telephones located in Connecticut.

Defendants David Makol and Jan Trigg were Supervising Agents who directly and personally supervised all of the actions of the other defendants. They were aware of the unlawful actions of the other defendants and tolerated or encouraged such unlawful actions.  Moreover, during the course of the events described below, defendant Makol was explicitly warned by Assistant United States Attorney Andrew Fish that privileged marital communications of plaintiff were being intercepted and monitored by defendants under his supervision and that Makol should take actions to prevent such unlawful conduct.

On March 18, 2011, the United States Attorney for the Southern District of New York admitted in a written submission to the district court that "several calls between Drimal and his wife were improperly monitored" and that in at least one instance the conduct of one of the defendants in listening to plaintiff's confidential telephone communications was "indefensible."

On March 9, 2011, in sworn testimony before the Honorable Richard J. Sullivan, United States District Judge for the Southern District of New York, defendant Lomonaco admitted that he had intentionally listened to confidential and privileged marital communication involving

plaintiff which he had no right to overhear.

The same day, defendant Ford testified that he remembered "kicking [him]self" because he knowingly had listened to confidential and privileged marital communication involving plaintiff which he had no right to overhear.

Plaintiff has alleged that all of the other defendants at various times unlawfully intercepted her communications.

Despite a legal obligation to make timely disclosure of the foregoing illegal telephone interceptions to plaintiff, defendants fraudulently concealed them from plaintiff, for the purpose of evading legal responsibility for their wrongful actions, until notice thereof was disclosed to plaintiff by the United States Attorney for the Southern District of New York on August 6, 2010.

As a proximate consequence of the foregoing unlawful actions of defendants, plaintiff has suffered great humiliation, embarrassment and emotional distress. Plaintiff claims judgment against defendants jointly and severally for compensatory damages, punitive damages, attorney fees and costs as provided by Section 2520 of Title 18 of the United States Code and by Section 52-570d(c) of the Connecticut General Statutes.

## **DISCUSSION**

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual

allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

**Failure to State a Claim**

Defendants point to Judge Sullivan's ruling in the underlying criminal case to demonstrate that the monitoring was, on the whole, "professional, thorough, and reasonable." Goffer, 756 F. Supp. 2d at 597.[1]  However, there, Judge Sullivan was weighing defendants' improper conduct to determine whether the wiretap evidence deserved suppression.  In contrast, here, the Court is deciding whether plaintiff's claim, which is explicitly authorized by 18 U.S.C. 2520, should be dismissed.  Although Judge Sullivan found that defendants' behavior did not warrant suppression of the wiretap evidence, he also held that "the government failed to take appropriate steps to ensure that unnecessary intrusions into the private lives of its targets were kept to a minimum."  Goffer, 756 F. Supp. 2d at 596.

All defendants contend that plaintiff has failed to state a claim upon which relief can be granted.  They argue that interception of privileged communications is not a violation of Title III and that Title III is not violated unless the person authorized to intercept any wire, oral, or electronic communication fails to minimize the interception of communications not otherwise subject to interception pursuant to 18 U.S.C. § 2518(5).  Finally, the federal defendants assert that plaintiff has failed to allege *any* facts to support her claims.

---

[1]The Court takes judicial notice of the underlying criminal case without converting defendants' motions to dismiss into motions for summary judgment.  See Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006).

4

Plaintiff's complaint alleges specific facts to support her claims, including the acknowledgment of improper behavior by multiple defendants during federal court testimony. Moreover, on March 18, 2011, the United States Attorney for the Southern District of New York admitted in a written submission to the district court that "several calls between Drimal and his wife were improperly monitored" and the conduct of one of the defendants in listening to plaintiff's confidential telephone communications was "indefensible."

Under Title III, criminal wiretap orders must be specific as to the type of communications to be intercepted, and the government must "minimize the interception of communications not otherwise subject to interception." 18 U.S.C. §§ 2518(4), (5).  Furthermore, "any person whose wire, oral, or electronic communication is intercepted, disclosed, or intentionally used in violation of this chapter may in a civil action recover from the person or entity, other than the United States, which engaged in that violation such relief as may be appropriate." 18 U.S.C. § 2520.

Here, plaintiff has alleged that defendants unlawfully intercepted and listened to more than 180 confidential and privileged marital communications.  That these telephone conversations were not subject to interception and that the FBI failed to minimize such interceptions is implied by the adverb "unlawfully."

In the underlying criminal case, the order authorizing the wiretap contained a "minimization provision" that provided in relevant part: "Monitoring of conversations must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception."   Goffer, 756 F. Supp. 2d at 590.  There, the district court held that, "for at least portions of the wiretap, the government failed to take appropriate

steps to ensure that unnecessary intrusions into the private lives of its targets were kept to a minimum. While the majority of these calls were not particularly lengthy—indeed, most were under two minutes—in each of these calls it should have been apparent within seconds that the conversation was privileged and non-pertinent. As the Court stressed at the hearing, given the deeply personal nature of several of these conversations, the agents' failure to minimize was nothing short of 'disgraceful.'" Id. at 595.

Plaintiff's complaint has adequately alleged violation of 18 U.S.C. § 2510 et seq. Her complaint will not be dismissed for failure to state a claim.

**Qualified Immunity**

Government officials are immune from civil liability when their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Defendants link their qualified immunity argument to their failure to state a claim argument.

Defendants argue:

> Because monitoring wire communications pursuant to a valid court order is not a per se violation of Title III, and because [plaintiff] has failed to allege any facts which would support a finding that the [federal defendants] did not properly comply with the minimization requirements of 18 U.S.C. 2718(5), [plaintiff's] complaint fails to allege any statutory violation. Thus plaintiff necessarily has failed to allege specific facts suggesting that defendants violated clearly established statutory or constitutional rights of which a reasonable person would have known.

As discussed above, plaintiff has alleged facts to support a finding that defendants did not properly comply with the minimization requirement of 18 U.S.C. § 2718. These facts are supported by plaintiff's responsive papers, which cite to the underlying criminal case. There, the

district court held:

> After reviewing the testimony and evidence presented at the hearing, as well as the calls themselves, the Court finds that several of the marital conversations were improperly minimized. In advance of the suppression hearing, the Court highlighted 18 conversations that were potentially violative of Title III's minimization requirement. Of these calls, three stand out to the Court as particularly egregious. In call 5808, for example, the agent monitored almost four minutes of a six-and-a-half minute call while Drimal and his wife had a deeply personal and intimate discussion about their marriage. Call 5809 was obviously a continuation of the private conversation initiated in call 5808—it was placed less than a minute after call 5808 ended—however, the monitoring agent listened to the entire 19–second call without minimizing. In call 5828, the agent monitored, without minimizing, as Drimal listened to a 52–second message from his wife in which she discussed, in detail, intimate aspects of their relationship. At the hearing, the agent who monitored these calls provided no credible explanation for his failure to minimize after it became clear that such conversations were privileged and non-pertinent. The Court is deeply troubled by this unnecessary, and apparently voyeuristic, intrusion into the Drimals' private life.

Goffer, 756 F. Supp. 2d at 594.  These facts would support a finding that defendants did not properly comply with the minimization requirement.  Moreover, the minimization requirement is clearly established, 18 U.S.C. § 2518(5), and defendants' actions, as alleged, were not objectively reasonable under the circumstances.  See Harhay v. Town of Ellington Bd. of Educ., 323 F.3d 206, 211 (2d Cir. 2003).  Therefore, plaintiff's complaint will not be dismissed on qualified immunity grounds.

## **CONCLUSION**

For the foregoing reasons, defendants' motions to dismiss [Docs. #19 and #21] are DENIED.

Dated this 6th day of June, 2013, at Bridgeport, Connecticut.

/s/
WARREN W. EGINTON
SENIOR UNITED STATES DISTRICT JUDGE
