UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

ARLENE VILLAMIA DRIMAL                  :
                                        :
VS.                                     :
                                        :
DAVID MAKOL, JAN TRIGG,                 :
PAULINE TAI, FRANK LOMONACO,            :       NO. 3:12cv717(WWE)
DAVID J. FORD, EDMUND ROM,              :
KEVIN RIORDAN, ADRIAN BUSBY,            :
BRIAN HARKINS, JOANN MAGUIRE,           :
MARIA A. FONT, MARTHA M.                :
BERDOTE, THOMAS J. D'AMICO,             :
MARK MUNSTER, CHRISTOPHER               :
DeGRAFF, and S. MENDOZA-                :
PENAHERRERA                             :       AUGUST 26, 2015

**A M E N D E D   C O M P L A I N T**

1.  This is an action to redress the deprivation of rights secured to the

plaintiff by the Constitution and laws of the United States and the State of

Connecticut.

2.  Jurisdiction of this court is invoked under the provisions of Sections

1331, 1332, 1343(3) and 1367(a) of Title 28 and Section 2520 of Title 18 of the

United States Code.  The amount at issue, exclusive of interest and costs, is

greater than $75,000.

3.  The plaintiff is an adult citizen of the United States who resides, and at

1

all times herein mentioned resided, in Weston, Connecticut.  She is married, and at all times herein mentioned was married, to Craig Drimal, and at all times herein mentioned resided with him in the family home in Weston.

4.  During all times mentioned in this action, the defendants all were employees of the Federal Bureau of Investigation working at the Queens, New York, office of that agency.  All the defendants are sued only in their individual capacities.

5.  During all times mentioned in this action, the defendants David Makol and Jan Trigg were the Supervising Agents who directly and personally supervised all of the actions of the other defendants hereinafter described.  They were aware of the unlawful actions of the other defendants and tolerated or encouraged such unlawful actions.  Moreover, during the course of the events hereinafter described, the defendant Makol was explicitly warned by Assistant United States Attorney Andrew Fish that privileged marital communications of the plaintiff were being intercepted and monitored by the defendants under his supervision and that he should take actions to prevent such unlawful conduct.

6.  At all times mentioned in this Complaint, the defendants acted jointly, in concert with each other, and under color of law.  Each defendant had the duty and the opportunity to protect the plaintiff from the unlawful actions of the other defendant but each defendant failed and refused to perform such duty, thereby

proximately causing the injuries herein complained of.

7.  Between November 16, 2007, and January 15, 2008, the defendants participated in the interception and monitoring of more than 180 confidential and privileged marital telephonic communications to which the plaintiff was a party, many of which involved deeply personal and intimate issues.  All of these communications took place over telephones of the plaintiff located in the State of Connecticut.

8.  The said telephonic communications were intercepted during an authorized wiretap on the telephone of the plaintiff's husband as part of an investigation into an alleged conspiracy to commit securities fraud.

9.  Pursuant to Title 18, United States Code, Section 2518(5), it is a violation of the law for any law enforcement agent, like the defendants, who intercepts the telephone conversations of third parties, to fail to "minimize the interception of communications not otherwise subject to interception."

10.  The court order authorizing the wiretap of the telephone of the plaintiff's husband for two thirty-day periods in late 2007 and early 2008 specified: "Monitoring of conversations must immediately terminate when it is determined that the conversation is unrelated to communications subject to interception."  The court order further provided: "You are to discontinue monitoring if you discover that you are intercepting a personal communication

3

solely between husband and wife."

11.   The Assistant United States Attorney who supervised the wiretap described above issued written instructions to the defendants on the minimization requirement.  He instructed the defendants to "listen to the beginning of each communication only so long as is necessary to determine the nature of the communication...."  In addition, he instructed the defendants that if it became apparent that conversations between the plaintiff's husband and another party involved "invariably innocent, non-crime related matters," then communications between those parties "should not be recorded, listened to, or even spot monitored."  Finally, he instructed the defendants to "discontinue monitoring if you discover that you are intercepting a personal communication solely between husband and wife" unless the conversations included a third party or addressed "ongoing as opposed to past violations of law."

12.   On March 18, 2011, the United States Attorney for the Southern District of New York admitted in a written submission to the District Court that "several calls between Drimal and his wife were improperly monitored" and that in at least one instance the conduct of one of the defendants in listening to the plaintiff's confidential telephone communications was "indefensible."

13.   In sworn testimony before Honorable Richard J. Sullivan, United States District Judge in the United States District Court for the Southern District

4

of New York, on March 9, 2011, the defendant Lomonaco admitted that he had intentionally listened to confidential and privileged marital communication involving the plaintiff which he had no right to overhear.

14.  In sworn testimony before Honorable Richard J. Sullivan, United States District Judge in the United States District Court for the Southern District of New York, on March 9, 2011, the defendant Ford admitted that he remembered "kicking myself" because he knowingly had listened to confidential and privileged marital communication involving the plaintiff which he had no right to overhear.

15.  On November 16, 2007, defendant Trigg intercepted an intimate personal telephone conversation between the plaintiff and her husband for thirty seconds without any minimization.

16.  On November 19, 2007, defendant Harkins intercepted an intimate personal telephone conversation between the plaintiff and her husband for twenty-nine seconds without any minimization.

17.  On November 20, 2007, defendant Tai intercepted an intimate personal telephone conversation between the plaintiff and her husband and did not minimize it until after sixty-seven seconds had elapsed.

18.  On November 20, 2007, defendant Tai intercepted a second intimate personal telephone conversation between the plaintiff and her husband and did

not minimize it until after fifty-six seconds.

19.  On November 20, 2007, defendant Tai intercepted a third intimate personal telephone conversation between the plaintiff and her husband and did not minimize it until after twenty-four seconds.

20.  On November 20, 2007, after the interceptions described in Paragraphs 17, 18 and 19, defendant Rom intercepted an intimate personal telephone conversation between the plaintiff and her husband and did not minimize it until after one minute and twenty-six seconds.  Concerning this interception, Judge Sullivan has ruled that it was clear from very early in the call that the discussion concerned the plaintiff's children.

21.  On November 21, 2007, defendant Trigg intercepted an intimate personal telephone conversation between the plaintiff and her husband for one minute and four seconds without any minimization.

22.  On November 26, 2007, defendant Lomonaco intercepted an intimate personal telephone conversation between the plaintiff and her husband for forty-nine seconds without minimization although, as Judge Sullivan has ruled, it was obvious from the start that the conversation was a marital spat.

23.  On November 26, 2007, defendant Lomonaco intercepted a second intimate personal telephone conversation between the plaintiff and her husband for a total of three minutes and fifty-five seconds, with two minimizations.

6

24.  On November 26, 2007, defendant Lomonaco intercepted a third intimate personal telephone conversation between the plaintiff and her husband for fifteen seconds without minimization.

25.  On November 26, 2007, defendant Lomonaco intercepted the retrieval by the plaintiff's husband of an intimate and personal voicemail message left for him by the plaintiff for the total thirty-five seconds of that message, without minimization.

26.  On November 26, 2007, after the interceptions described in Paragraphs 22 through 25, the defendant Rom intercepted an intimate personal telephone conversation between the plaintiff and her husband for fifty-four seconds without minimization.  Judge Sullivan has ruled that it was obvious from the beginning that this conversation should not have been monitored.

27.  On November 26, 2007, after the interception described in Paragraph 26, defendant Rom intercepted another intimate personal telephone conversation between the plaintiff and her husband for  one minute and fifty-one seconds, without minimization.  Judge Sullivan has ruled that it was obvious from the beginning that this conversation should not have been monitored.

28.  On November 26, 2007, after the interception described in Paragraph 27, defendant Rom intercepted another intimate personal telephone conversation between the plaintiff and her husband for one minute and forty-four

7

seconds without minimization.  Judge Sullivan has ruled that it was obvious from the beginning that this conversation should not have been monitored.

29.  On November 27, 2007, defendant Ford intercepted an intimate personal telephone conversation between the plaintiff and her husband for one minute and forty-three seconds without minimization.

30.  On November 27, 2007, defendant Ford intercepted a second intimate personal telephone conversation between the plaintiff and her husband for a total of two minutes and twenty-two seconds, with seven minimizations.

31.  On November 27, 2007, defendant Ford intercepted a third intimate personal telephone conversation between the plaintiff and her husband for a total of two minutes and twenty-nine seconds, with five minimizations. Defendant Ford has admitted in sworn testimony before Judge Sullivan that he knew he should not have listened to the marital conversations which he monitored on November 27, 2007.

32.  On November 29, 2007, defendant Maguire intercepted an intimate personal telephone conversation between the plaintiff and her husband for two minutes and six seconds without minimization.

33.  On November 29, 2007, defendant Maguire intercepted an intimate personal telephone conversation between the plaintiff andher husband for thirty-three seconds without minimization.

8

34.  On November 29, 2007, after the interceptions described in Paragraphs 32 and 33, defendant Riordan intercepted an intimate personal telephone conversation between the plaintiff and her husband for one minute and forty-one seconds without minimization.

35.  On November 29, 2007, defendant Riordan intercepted a second intimate personal telephone conversation between the plaintiff and her husband for two minutes and fifty-two seconds.

36.  On November 29, 2007, defendant Riordan intercepted a third intimate personal telephone conversation between the plaintiff and her husband for eleven seconds before minimizing it.

37.  On November 29, 2007, after the interceptions described in Paragraphs 35 and 36, defendant Font intercepted an intimate personal telephone conversation between the plaintiff and her husband for seven seconds before minimizing it.

38.  On November 29, 2007, after the interception described in Paragraph 37, defendant Makol intercepted an intimate personal telephone conversation between the plaintiff and her husband for seventeen seconds before minimizing it.

39.  On November 30, 2007, defendant Lomonaco intercepted an intimate personal telephone conversation between the plaintiff and her husband for

9

twenty-three seconds.

40.  On November 30, 2007, defendant Lomonaco intercepted a second intimate personal telephone conversation between the plaintiff and her husband for eight seconds before minimizing it.

42.  On November 30, 2007, defendant Lomonaco intercepted a third intimate personal telephone conversation between the plaintiff and her husband for six seconds before minimizing it.

43.  On December 1, 2007, defendant Lomonaco intercepted a telephone conversation between the plaintiff and her child for twenty-two seconds without any minimization.

44.  On December 3, 2007, defendant Riordan intercepted an intimate personal telephone conversation between the plaintiff and her husband for twenty-five seconds.

45.  On December 5, 2007, defendant Tai intercepted an intimate personal telephone conversation between the plaintiff and her husband for thirty-nine seconds without any minimization.

46.  On December 5, 2007, after the interception described in Paragraph 45, defendant Makol intercepted an intimate personal telephone conversation between the plaintiff and her husband for fifteen seconds before minimizing it.

47.  On December 5, 2007, defendant Makol intercepted a second

10

intimate personal telephone conversation between the plaintiff and her husband for nine seconds before minimizing it.

48.  On December 5, 2007, defendant Makol intercepted a third intimate personal telephone conversation between the plaintiff and her husband for twelve seconds before minimizing it.

49.  On December 5, 2007, defendant Makol intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for six seconds before minimizing it.

50.  On December 5, 2007, defendant Makol intercepted a fifth intimate personal telephone conversation between the plaintiff and her husband for five seconds before minimizing it.

51.  On December 7, 2007, defendant Busby intercepted an intimate personal telephone conversation between the plaintiff and her husband for a total of one minute and forty-two seconds, with three minimizations.

52.  On December 7, 2007, defendant Busby intercepted a second intimate personal telephone conversation between the plaintiff and her husband for a total of fifty-three seconds, with two minimizations.

53.  On December 7, 2007, defendant Busby intercepted a third intimate personal telephone conversation between the plaintiff and her husband for eight seconds before minimization.

54.  On December 7, 2007, defendant Busby intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for thirty-eight seconds before minimization.

55.  On December 7, 2007, defendant Busby intercepted a fifth intimate personal telephone conversation between the plaintiff and her husband for eight seconds before minimization.

56.  On December 7, 2007, defendant Busby intercepted a sixth intimate personal telephone conversation between the plaintiff and her husband for twelve seconds before minimization.

57.  On December 7, 2007, defendant Busby intercepted a seventh intimate personal telephone conversation between the plaintiff and her husband for eight seconds before minimization.

58.  On December 7, 2007, defendant Busby intercepted an eighth intimate personal telephone conversation between the plaintiff and her husband for twenty-one seconds before minimization.

59.  On December 7, 2007, defendant Busby intercepted a ninth intimate personal telephone conversation between the plaintiff and her husband for seven seconds before minimization.

60.  On December 7, 2007, defendant Busby intercepted a tenth intimate personal telephone conversation between the plaintiff and her husband for

twenty-one seconds before minimization.

61.  On December 8, 2007, defendant Font intercepted an intimate personal telephone conversation between the plaintiff and her husband for ten seconds before minimization.

62.  On December 8, 2007, defendant Font intercepted a second intimate personal telephone conversation between the plaintiff and her husband for sixteen seconds before minimization.

63.  On December 9, 2007, defendant Rom intercepted an intimate personal telephone conversation between the plaintiff and her husband for fifteen seconds before minimization.

64.  On December 10, 2007, defendant Riordan intercepted an intimate personal telephone conversation between the plaintiff and her husband for a total of twenty-five seconds, with three minimizations.

65.  On December 10, 2007, defendant Riordan intercepted a second intimate personal telephone conversation between the plaintiff and her husband for thirty-five seconds.

66.  On December 10, 2007, defendant Riordan intercepted a third intimate personal telephone conversation between the plaintiff and her husband for fifty-four seconds.

67.  On December 10, 2007, defendant Riordan intercepted a fourth

intimate personal telephone conversation between the plaintiff and her husband for twenty-one seconds.

68.  On December 10, 2007, defendant Riordan intercepted a fifth intimate personal telephone conversation between the plaintiff and her husband for seven minutes and nine seconds.

69.  On December 11, 2007, defendant Lomonaco intercepted an intimate personal telephone conversation between the plaintiff and her husband for sixteen seconds before minimization.

70.  On December 11, 2007, after the interception described in Paragraph 69, defendant Riordan intercepted an intimate personal telephone conversation between the plaintiff and her husband for one minute and two seconds.

71.  On December 11, 2007, defendant Riordan intercepted a second intimate personal telephone conversation between the plaintiff and her husband for two minutes and fifty-nine seconds.

73.  On December 11, 2007, defendant Riordan intercepted a third intimate personal telephone conversation between the plaintiff and her husband for thirty-three seconds.

74.  On December 11, 2007, defendant Riordan intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for thirty seconds before minimization.

14

75.  On December 11, 2007, after the interceptions described in Paragraphs 69 through 74, defendant Makol intercepted an intimate personal telephone conversation between the plaintiff and her husband for three seconds before minimization.

76.  On December 11, 2007, defendant Makol intercepted a second intimate personal telephone conversation between the plaintiff and her husband for twenty-five seconds before minimization.

77.  On December 11, 2007, defendant Makol intercepted a third intimate personal telephone conversation between the plaintiff and her husband for twelve seconds before minimization.

78.  On December 11, 2007, defendant Makol intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for ten seconds before minimization.

79.  On December 12, 2007, defendant Makol intercepted an intimate personal telephone conversation between the plaintiff and her husband for sixteen seconds before minimization.

80.  On December 13, 2007, defendant Font intercepted an intimate personal telephone conversation between the plaintiff and her husband for seventeen seconds before minimization.

81.  On December 14, 2007, defendant Tai intercepted an intimate

personal telephone conversation between the plaintiff and her husband for one minute.

82.  On December 14, 2007, after the interception described in Paragraph 81, defendant Berdote intercepted an intimate personal telephone conversation between the plaintiff and her husband for thirty-five seconds before minimization.

83.  On December 14, 2007, defendant Berdote intercepted a second intimate personal telephone conversation between the plaintiff and her husband for fourteen seconds before minimization.

84.  On December 14, 2007, defendant Berdote intercepted a third intimate personal telephone conversation between the plaintiff and her husband for eight seconds before minimization.

85.  On December 14, 2007, defendant Berdote intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for twenty-four seconds before minimization.

86.  On December 17, 2007, defendant Busby intercepted an intimate personal telephone conversation between the plaintiff and her husband for sixteen seconds before minimization.

87.  On December 17, 2007, defendant Busby intercepted a second intimate personal telephone conversation between the plaintiff and her husband for eight seconds before minimization.

88.  On December 18, 2007, defendant Berdote intercepted an intimate personal telephone conversation between the plaintiff and her husband for twenty-one seconds before minimization.

89.  On December 18, 2007, defendant Berdote intercepted a second intimate personal telephone conversation between the plaintiff and her husband for twenty-three seconds before minimization.

90.  On December 18, 2007, defendant Berdote intercepted a third intimate personal telephone conversation between the plaintiff and her husband for fifteen seconds before minimization.

91.  On December 18, 2007, defendant Berdote intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for five seconds before minimization.

92.  On December 19, 2007, defendant Trigg intercepted an intimate personal telephone conversation between the plaintiff and her husband for twelve seconds before minimization.

93.  On December 19, 2007, defendant Trigg intercepted a second intimate personal telephone conversation between the plaintiff and her husband for fourteen seconds before minimization.

94.  On December 19, 2007, defendant Trigg intercepted a third intimate personal telephone conversation between the plaintiff and her husband for

fourteen seconds before minimization.

95.  On December 19, 2007, defendant Trigg intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for thirteen seconds before minimization.

96.  On December 19, 2007, defendant Trigg intercepted a fifth intimate personal telephone conversation between the plaintiff and her husband for twelve seconds before minimization.

97.  On December 20, 2007, defendant DeGraff intercepted an intimate personal telephone conversation between the plaintiff and her husband for one minute and ten seconds without any minimization.

98.  On December 20, 2007, defendant D'Amico intercepted an intimate personal telephone conversation between the plaintiff and her husband for fourteen seconds before minimization.

99.  On December 21, 2007, defendant Munster intercepted an intimate personal telephone conversation between the plaintiff and her husband for eighteen seconds without minimization.

100.  On December 21, 2007, after the interception described in Paragraph 99, defendant Trigg intercepted an intimate personal telephone conversation between the plaintiff and her husband for two minutes and nineteen seconds.

101.  On December 28, 2007, defendant Munster intercepted an intimate personal telephone conversation between the plaintiff and her husband for one minute and twenty-three seconds.

102.  On December 28, 2007, after the interception described in Paragraph 101, defendant Makol intercepted an intimate personal telephone conversation between the plaintiff and her husband for fourteen seconds before minimization.

103.  On December 29, 2007, defendant Trigg intercepted an intimate personal telephone conversation between the plaintiff and her husband for twenty-three seconds before minimization.

104.  On December 29, 2007, after the interception described in Paragraph 103, defendant Makol intercepted an intimate personal telephone conversation between the plaintiff and her husband for seventeen seconds before minimization.

105.  On December 29, 2007, defendant Makol intercepted an intimate personal telephone conversation between the plaintiff and her husband for forty-two seconds with five minimizations.

106.  On December 29, 2007, after the interception described in Paragraph 105, defendant Makol intercepted thirty-six seconds of an intimate personal voicemail message left by the plaintiff on her husband's voicemail

19

before minimizing the interception.

107.  On December 29, 2007, after the interception described in Paragraph 106, defendant Makol intercepted an intimate personal telephone conversation between the plaintiff and her husband for eighteen seconds before minimization.

108.  On December 31, 2007, defendant Font intercepted an intimate personal telephone conversation between the plaintiff and her husband for fifteen seconds before minimization.

109.  On January 2, 2008, defendant Font intercepted an intimate personal telephone conversation between the plaintiff and her husband for ten seconds before minimization.

110.  On January 2, 2008, defendant Font intercepted a second intimate personal telephone conversation between the plaintiff and her husband for four seconds before minimization.

111.  On January 2, 2008, defendant Font intercepted a third intimate personal telephone conversation between the plaintiff and her husband for seven seconds before minimization.

112.  On January 2, 2008, defendant Font intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for fourteen seconds before minimization.

113.  On January 2, 2008, defendant Font intercepted a fifth intimate personal telephone conversation between the plaintiff and her husband for seven seconds before minimization.

114.  On January 2, 2008, after the interceptions described in Paragraphs 109 through 113, defendant Rom intercepted an intimate personal telephone conversation between the plaintiff and her husband for nineteen seconds.

115.  On January 2, 2008, defendant Rom intercepted a second intimate personal telephone conversation between the plaintiff and her husband for eleven seconds before minimization.

116.  On January 3, 2008, defendant Harkins intercepted an intimate personal telephone conversation between the plaintiff and her husband for thirty-four seconds.

117.  On January 3, 2008, defendant Harkins intercepted a second intimate personal telephone conversation between the plaintiff and her husband for twenty-three seconds.

118.  On January 3, 2008, defendant Harkins intercepted a third intimate personal telephone conversation between the plaintiff and her husband for thirteen seconds.

119.  On January 3, 2008, defendant Harkins intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for

eighteen seconds.

120.  On January 3, 2008, defendant Harkins intercepted a fifth intimate personal telephone converesation between the plaintiff and her husband for twelve seconds.

121.  On January 3, 2008, after the interceptions described in Paragraphs 116 through 120, defendant Tai intercepted an intimate personal telephone conversation between the plaintiff and her husband for thirty-five seconds.

122.  On January 3, 2008, defendant Tai intercepted a second intimate personal telephone conversation between the plaintiff and her husband for fifty-nine seconds.

123.  On January 3, 2008, defendant Tai intercepted a third intimate personal telephone conversation between the plaintiff and her husband for forty-one seconds.

124.  On January 3, 2008, defendant Tai intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for thirty seconds.

125.  On January 3, 2008, defendant Tai intercepted a fifth intimate personal telephone conversation between the plaintiff and her husband for one minute and six seconds.

126.  On January 3, 2008, defendant Tai intercepted a sixth intimate

personal telephone conversation between the plaintiff and her husband for one minute and twenty seconds.

127.  On January 4, 2008, defendant Font intercepted an intimate personal telephone conversation between the plaintiff and her husband for eight seconds before minimization.

128.  On January 4, 2008, defendant Font intercepted an intimate personal telephone conversation between the plaintiff and her husband for seven seconds before minimization.

129.  On January 5, 2008, defendant Busby intercepted an intimate personal telephone conversation between the plaintiff and her husband for eighteen seconds before minimization.

130.  On January 6, 2008, defendant Busby intercepted an intimate personal telephone conversation between the plaintiff and her husband for thirty-three seconds before minimization.

131.  On January 6, 2008, after the interception described in Paragraph 130, defendant Rom intercepted an intimate personal telephone conversation between the plaintiff and her husband for fourteen seconds before minimization.

132.  On January 6, 2008, defendant Rom intercepted a second intimate personal telephone conversation between the plaintiff and her husband for eighteen seconds before minimization.

133.  On January 6, 2008, defendant Rom intercepted a third intimate personal telephone conversation between the plaintiff and her husband for eight seconds before minimization.

134.  On January 6, 2008, defendant Rom intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for thirteen seconds before minimization.

135.  On January 8, 2008, defendant Trigg intercepted an intimate personal telephone conversation between the plaintiff and her husband for twenty seconds before minimization.

136.  On January 8, 2008, defendant Trigg intercepted a second intimate personal telephone conversation between the plaintiff and her husband for eight seconds before minimization.

137.  On January 8, 2008, defendant Trigg intercepted a third intimate personal telephone conversation between the plaintiff and her husband for seventeen seconds before minimization.

138.  On January 9, 2008, defendant Lomonaco intercepted an intimate personal telephone conversation between the plaintiff and her husband for thirteen seconds before minimization.

139.  On January 9, 2008, defendant Lomonaco intercepted a second intimate personal telephone conversation between the plaintiff and her husband

for six seconds before minimization.

140.  On January 10, 2008, defendant Trigg intercepted an intimate personal telephone conversation between the plaintiff and her husband for ten seconds before minimization.

141.  On January 10, 2008, defendant Trigg intercepted a second intimate personal telephone conversation between the plaintiff and her husband for one minute and fifty-six seconds.

142.  On January 10, 2008, defendant Trigg intercepted a third intimate personal telephone conversation between the plaintiff and her husband for twenty-six seconds before minimization.

143.  On January 10, 2008, defendant Trigg intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband for five seconds before minimization.

144.  On January 10, 2008, defendant Trigg intercepted a fifth intimate personal telephone conversation between the plaintiff and her husband for eight seconds before minimization.

145.  On January 11, 2008, defendant Tai intercepted an intimate personal telephone conversation between the plaintiff and her husband for eighteen seconds.

146.  On January 11, 2008, after the interception described in Paragraph

145, defendant Riordan intercepted an intimate personal telephone conversation between the plaintiff and her husband for one minute and nineteen seconds.

147.  On January 12, 2008, defendant Makol intercepted an intimate personal telephone conversation between the plaintiff and her husband for twenty-seven seconds before minimization.

148.  On January 12, 2008, defendant Makol intercepted a second intimate personal telephone conversation between the plaintiff and her husband for fifteen seconds before minimization.

149.  On January 12, 2008, defendant Makol intercepted a third intimate personal telephone conversation between the plaintiff and her husband for fifteen seconds before minimization.

150.  On January 12, 2008, defendant Makol intercepted a fourth intimate personal telephone conversation between the plaintiff and her husband lasting four minutes and thirty-nine seconds.

151.  On January 12, 2008, defendant Makol intercepted a fifth intimate personal telephone conversation between the plaintiff and her husband for twenty-seven seconds before minimization.

152.  On January 12, 2008, defendant Makol intercepted a sixth intimate personal telephone conversation between the plaintiff and her husband for twenty-two seconds before minimization.

153.  On January 12, 2008, defendant Makol intercepted a seventh intimate personal telephone conversation between the plaintiff and her husband for ten seconds before minimization.

154.  On January 12, 2008, after the interceptions described in Paragraphs 147 through 153, defendant Font intercepted an intimate personal telephone conversation between the plaintiff and her husband for twenty-one seconds before minimization.

155.  On January 12, 2008, defendant Font intercepted a second intimate personal telephone conversation between the plaintiff and her husband for seventeen seconds before minimization.

156.  On January 13, 2008, defendant Riordan intercapted an intimate personal telephone conversation between the plaintiff and her husband for fifty-four seconds.

157. On January 13, 2008, defendant Riordan intercepted a second intimate personal telephone conversation between the plaintiff and her husband for twenty-two seconds.

158.  On January 13, 2008, defendant Riordan intercepted a third intimate personal telephone conversation between the plaintiff and her husband for two minutes and eighteen seconds.

159.  On January 13, 2008, defendant Riordan intercepted a fourth

27

intimate personal telephone conversation between the plaintiff and her husband which lasted seven minutes and ten seconds.

160.  On January 13, 2008, defendant Riordan intercepted a fifth intimate personal telephone conversation between the plaintiff and her husband lasting one minute and ten seconds.

161.  On January 13, 2008, defendant Riordan intercepted a sixth intimate personal telephone conversation between the plaintiff and her husband for six seconds before minimization.

162.  On January 14, 2008, defendant Mendoza-Penaherrera intercepted an intimate personal telephone conversation between the plaintiff and her husband lasting seven minutes and thirty-two seconds.

163.  On January 14, 2008, defendant Mendoza-Penaherrera intercepted a second intimate personal telephone conversation between the plaintiff and her husband lasting one minute and fourteen seconds.

164.  On January 14, 2008, after the interceptions described in Paragraphs 162 and 163, defendant Tai intercepted an intimate personal telephone conversation between the plaintiff and her husband for one minute and twenty-four seconds.

165.  On January 14, 2008, defendant Tai intercepted a second intimate personal telephone conversation between the plaintiff and her husband for one

minute and thirteen seconds.

166.  On January 14, 2008, after the interceptions described in

Paragraphs 164 and 165, defendant Lomonaco intercepted an intimate personal

telephone conversation between the plaintiff and her husband for a total of eight

seconds before minimization.

167.  On January 14, 2008, after the interception described in Paragraph

166, defendant Tai intercepted another intimate personal telephone conversation

between the plaintiff and her husband for twenty seconds.

168.  On January 15, 2008, defendant Busby intercepted an intimate

personal telephone conversation between the plaintiff and her husband for

eighteen seconds before minimization.

169.  On January 15, 2008, defendant Busby intercepted a second

intimate personal telephone conversation between the plaintiff and her husband

for eight seconds before minimization.

170.  On January 15, 2008, defendant Busby intercepted a third intimate

personal telephone conversation between the plaintiff and her husband for thirty-

eight seconds without any minimization.

171.  Two of the defendants in this action have admitted in court

proceedings conducted in the United States District Court for the Southern

District of New York that they acted unlawfully in engaging in the conduct herein

described.

172.  Conduct of defendants in this case, as herein described, has been described by Judge Sullivan as "disgraceful," "egregious" and "voyeuristic."

173.  On each of the occasions delineated above on which each of the defendants intercepted the intimate personal telephone conversations of the plaintiff, each such defendant knew that the monitoring of said conversation was improper and unlawful.

174.  Despite a legal obligation to make timely disclosure of the foregoing illegal telephone interceptions to the plaintiff, the defendants fraudulently concealed them from the plaintiff, for the purpose of evading legal responsibility for their wrongful actions, until notice thereof was disclosed to the plaintiff by the United States Attorney for the Southern District of New York on August 6, 2010.

175.  As a proximate consequence of the foregoing unlawful actions of the defendants and each of them, the plaintiff has suffered great humiliation, embarrassment and emotional distress.

176.  In the manner described above, the defendants violated rights secured to the plaintiff by Sections 2518, *et seq*. of Title 18 of the United States Code.

177.  In the manner described above, the defendants violated rights secured to the plaintiff by Section 52-570d(c) of the Connecticut General

Statutes.

178.  In the manner described above, the defendants invaded the plaintiff's intimate marital privacy in violation of rights secured to her by the First, Fourth, Ninth and Fourteenth Amendments to the United States Constitution.

WHEREFORE, the plaintiff claims judgment against the defendants and each of them, jointly and severally, for compensatory damages, punitive damages, attorney fees and costs.

*__The plaintiff claims trial by jury.__*

THE PLAINTIFF

BY:_____/s/___(ct00215)_____
            JOHN R. WILLIAMS (ct00215)
            51 Elm Street
            New Haven, CT 06510
            203.562.9931
            Fax:  203.776.9494
            jrw@johnrwilliams.com
            Her Attorney

31

CERTIFICATION OF SERVICE

On the date above stated, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

_____/s/_____(ct00215)_____
JOHN R. WILLIAMS